# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KRISTY FINOIMOANA et al., ) | |
| ) Plaintiffs, ) | |
| ) | 3:11-cv-00722-RCJ-VPC |
| vs. ) | |
| ) | |
| FIRST HORIZON HOME LOAN CORP. et al., ) | **ORDER** |
| ) Defendants. ) | |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists nine causes of action: (1) Unfair Debt Collection Practices Under Nevada Revised Statutes ("NRS") section 649.370; (2) Unfair and Deceptive Trade Practices Under NRS sections 41.600 and 598.0923; (3) Unfair Lending Practices Under NRS section 598D.100; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and does not appear eligible for transfer. Defendants have moved to dismiss and to expunge the lis pendens. For the reasons given herein, the Court grants the motions.

**I.   THE PROPERTY**

Kristy C. and R. Russell Fonoimoana[1] gave lender First Horizon Home Loan Corp. ("First Horizon") a $311,000 promissory note (the "Note") to purchase real property at 4310

---

[1] The Complaint spells Plaintiffs' surname as "Finoimoana," but the DOT spells it "Fonoimoana."

1  Desert Highlands Dr., Sparks, NV 89436 (the "Property"). (*See* Deed of Trust ("DOT") 1–3,
2  Apr. 7, 2004, ECF No. 4-1). The trustee was Stewart Title of Northern Nevada, (*see id.* 2), and
3  Mortgage Electronic Registration Systems, Inc. ("MERS") was not a party to the DOT, (*see*
4  *generally id.*). Plaintiffs opened two home equity lines of credit ("HELOC") against the
5  Property, the first for $117,000 on October 6, 2004, and the second for $200,000 on December 6,
6  2006. (*See* First HELOC DOT 1–2, Oct. 6, 2004, ECF No. 4-2; Second HELOC DOT 1–2, Dec.
7  6, 2006, ECF No. 4-3). Both HELOCs were with lender First Horizon and trustee Fidelity
8  National Title Co. (*See* First HELOC DOT 1–2, Oct. 6, 2004, ECF No. 4-2; Second HELOC
9  DOT 1–2, Dec. 6, 2006, ECF No. 4-3). First Horizon assigned the DOT to Metlife Home Loans
10 ("Metlife"). (*See* Assignment, July 20, 2006, ECF No. 4-4). Metlife substituted UTLS Default
11 Services, LLC ("UTLS") as trustee. (*See* Substitution, May 26, 2010, ECF No. 4-5). UTLS filed
12 the notice of default ("NOD") based on a default of unspecified amount as of February 1, 2010.
13 (*See* NOD, June 30, 2010, ECF No. 4-6). The foreclosure was therefore statutorily proper.
14 *See* Nev. Rev. Stat. § 107.080(2)(c). UTLS noticed a trustee's sale for August 3, 2011, which
15 occurred on that date. (*See* Notice of Sale ("NOS"), July 6, 2011, ECF No. 4-8; Trustee's Deed,
16 Sept. 8, 2011, ECF No. 4-9). The Property is not eligible for the state Foreclosure Mediation
17 Program. (FMP Certificate, Sept. 28, 2010, ECF No. 4-7).

18 **II.    ANALYSIS**

19      The foreclosure was statutorily proper. The remaining claims fail for reasons given in
20 substantially identical cases.
21 ///
22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss and Expunge Lis Pendens (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 6th day of December, 2011.

_____
ROBERT C. JONES
United States District Judge