UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KRISTY FINOIMOANA et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 3:11-cv-00722-RCJ-VPC |
| vs. | ) | |
| | ) | |
| FIRST HORIZON HOME LOAN CORP. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. In December 2011, the Court granted a motion to dismiss and expunge the lis pendens. Plaintiffs have moved for the Court to reconsider. For the reasons given herein, the Court denies the motion.

Plaintiffs argue that intervening law makes reconsideration appropriate. Specifically, Plaintiffs argue that the Court of Appeals recently found no federal subject matter jurisdiction in *Nevada v. Bank of America*, No. 3:11-cv-135. In that case, there were no federal claims pled, and the existence of diversity or class action jurisdiction turned upon the question of whether the individual homeowners on whose behalf the State of Nevada had brought the action should be considered for the purposes of diversity. The Court ruled that because the State sought monetary relief payable directly to the homeowners, the action was in substance a class action removable under 28 U.S.C. § 1332(d). The Court of Appeals reversed, ruling that because the State had brought the action at least partially in an enforcement capacity, i.e., as a *parens patriae* action, the citizenship of those on whose behalf the action was brought and who may directly benefit from the action was necessarily inapposite, regardless of whether the State sought recompense

1    payable to individuals.  The present case, however, is not a *parens patriae* action.

2         Plaintiffs have never moved to remand for lack of subject matter jurisdiction, but
3    Plaintiffs may obtain relief from judgment if the Court had no jurisdiction to enter it. *See In re*
4    *Center Wholesale*, 759 F.2d 1440, 1448 (9th Cir. 1985) (citing Fed. R. Civ. P. 60(b)(4); 11
5    Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2862, at 198–200
6    (1973)).  Apart from the *Nevada v. Bank of America* case, which is inapplicable here, Plaintiffs
7    only argue that Defendants should be considered Nevada residents for the purposes of diversity
8    because they regularly do business in Nevada and initiated the subject foreclosure in Nevada.
9    Plaintiffs conflate personal jurisdiction with citizenship.  There is general personal jurisdiction
10   over any Defendant who regularly does business in Nevada, and there is specific personal
11   jurisdiction in this case over any Defendant who participated in the foreclosure at issue, but
12   whether any Defendant is a citizen of Nevada for the purposes of the diversity statute is a
13   separate question.  Plaintiffs do not argue that any Defendant corporation is a Nevada corporation
14   or has its headquarters in Nevada, which questions are dispositive as to the citizenship of
15   corporations.  Nor do Plaintiffs argue that any member of the limited liability corporation they
16   sued is a Nevada citizen.  Finally, the record does not indicate that Plaintiff ever served Stewart
17   Title of Northern Nevada or Melissa Seaman, who are named but unserved putative defendants,
18   and whom Defendants argued in the removal notice are fraudulently joined, merged into a
19   foreign corporation (Stewart Title of Northern Nevada), and/or in fact California citizens
20   (Seaman).
21   ///
22   ///
23   ///
24   ///
25   ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 26) is DENIED.

IT IS SO ORDERED.

Dated this 26th day of June, 2012.

_____
ROBERT C. JONES
United States District Judge